INHAB'TS OF FRANKFORT *versus* INHAB'TS OF NEW VINEYARD.

A child, who has a derivative settlement in the town of N. V., from that of his father, who was a pauper, will not gain a new settlement in S., from the fact, that he was bound out, until he should become of age, to an inhabitant of S., with whom he lived for the term of ten years. He was not thereby emancipated.

REPORTED from *Nisi Prius* by RICE, J.

This was an ACTION OF THE CASE to recover the value of certain supplies furnished to one *William Welch*, an alleged pauper. The legal settlement of the pauper was the only question controverted.

The depositions of sundry persons are referred to in the report as making a part of the case, none of which are found with the papers. The case was submitted to the full Court, exercising jury powers, to render judgment on nonsuit or default, as the legal rights of the parties may require.

The case was argued by

*N. H. Hubbard*, for plaintiffs, and by

*N. Abbott*, for defendants.

The opinion of the Court was drawn up by

APPLETON, J.—This action is brought to recover for certain supplies furnished one William Welch, whose settlement is claimed to be in the defendant town.

It appears, that Obed Welch, the father of the pauper, had his settlement in that part of Strong which was set off to New Vineyard, by c. 503 of the special laws of 1856. By virtue of that Act, the settlement of the pauper's father was transferred to the latter town. *Wilton v. New Vineyard*, 43 Maine, 315.

The pauper has a derivative settlement from that of his father, which will remain until a new one is gained.

It appears in evidence that the pauper, when about ten years of age, was bound out to one Luther Sweatland of

Strong, with whom he resided, with the exception of a temporary absence, when he ran away, till he was nearly twenty-one years old. It is insisted that by such residence a settlement was acquired in Strong.

A minor child, of parents who are paupers, bound to service by written indenture, until twenty-one years of age, is not thereby emancipated. *Oldtown* v. *Falmouth*, 40 Maine, 106. The evidence fails to establish the pauper's emancipation. The residence of the pauper, while thus living in Strong, was not of a character to change this settlement. · He was not emancipated. The settlement of the father was his settlement, and he has not acquired one since. By the Act of 1856, c. 503, as his settlement was gained in that part of Strong which was set off to New Vineyard, it passed with that transfer, notwithstanding the absence of the pauper, to the defendant town. *Wilton* v. *New Vineyard*, 43 Maine, 315.

By the agreement of parties a default must be entered.

*Defendants defaulted.*

TENNEY, C. J., RICE, CUTTING, MAY and KENT, JJ., concurred.